# UNITED STATES COURT OF INTERNATIONAL TRADE

_____  )
SAKAR INTERNATIONAL INC.,              )
                                       )
                                       )
                  Plaintiff,           )   Court No. 12-00120
         v.                            )
                                       )
UNITED STATES,                         )
                                       )
                  Defendant.           )
_____)

## **COMPLAINT**

Plaintiff, Sakar International Inc. ("Sakar"), through its undersigned attorneys, alleges the following as its complaint in this case:

1. The United States Court of International Trade has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

2. Plaintiff is the importer of record of the subject merchandise.

3. The protest[s] and summons in this action were timely filed.

4. All liquidated duties, charges and exactions were paid prior to the commencement of this action.

5. The subject merchandise consists of consist of smartphone covers, electronic tablet covers, and media player covers ("covers").

6. Each model cover at issue is fabricated predominately of plastic and/or silicone and is designed to allow the user to operate the fully functional smartphone, electronic tablet, and/or media player while it is in the cover.

1

7. Certain model covers also incorporate an armband that allows the user to wear the cover with the electronic device around their arm while the user engages in physical exercise, e.g., running, jogging, or walking ("sport armbands").

8. The subject merchandise was classified upon liquidation in subheadings 4202.92.45, 4202.92.90, or 4202.99.90, HTSUS, and was assessed with duty at the rates of 17.6% or 20% *ad valorem*.

## COUNT I

9. Plaintiff repeats paragraphs 1-8 as if fully set forth herein

10. Heading 4202, HTSUS, provides for "[t]runks, suitcases, vanity cases, attache cases, briefcases, school satchels, spectacle cases, binocular cases, camera cases, musical instrument cases, gun cases, holsters and similar containers; traveling bags, insulated food or beverage bags, toiletry bags, knapsacks and backpacks, handbags, shopping bags, wallets, purses, map cases, cigarette cases, tobacco pouches, tool bags, sports bags, bottle cases, jewelry boxes, powder cases, cutlery cases and similar containers, of leather or of composition leather, of sheeting of plastics, of textile materials, of vulcanized fiber or of paperboard, or wholly or mainly covered with such materials or with paper."

11. The subject covers are not a type of container provided for by name in heading 4202, HTSUS.

12. The covers at issue are not similar to the containers of heading 4202, HTSUS, because they do not organize, store, or carry items within the meaning of heading 4202, HTSUS.

13. The primary purpose of the covers is to provide some protection to smartphones, electronic tablets, or media players, while allowing an individual to operate the smartphone,

electronic tablet, or media players while the device is in the cover, and this primary purpose is inconsistent with the exemplars listed in heading 4202, HTSUS.

14.     The covers are classifiable based upon their material fabrication.

15.     Each model cover is predominantly of plastic and is classifiable under subheading 3926.90.99, HTSUS, as "[o]ther articles of plastics and articles of other materials of headings 3901 to 3914: [o]ther: [o]ther," at a duty rate of 5.3% *ad valorem*.

## COUNT II

### (ALTERNATIVE CLAIM SPORT ARMBANDS)

16.     Plaintiff repeats paragraphs 1-8 and 10-13 as if fully set forth herein.

17.     Note 2(l) of Chapter 42 excludes "Articles of chapter 95 (for example, toys, games, sports equipment)" from classification in Chapter 42.

18.     Heading 9506, HTSUS, encompasses "[a]rticles and equipment for general physical exercise, gymnastics, athletics, other sports (including table tennis) or outdoor games, not specified or included elsewhere in this chapter…."

19.     The sport armbands are specially designed and marketed as articles or equipment for use during general physical exercise and athletics.

20.     The sports armbands are classifiable under subheading 9506.99.60, HTSUS, as other articles and equipment for sports and/or outdoor games and are dutiable at the rate of 4% *ad valorem*.

**WHEREFORE**, plaintiff respectfully requests that Customs' classification upon liquidation of the subject merchandise be overruled, that the claimed classification for the subject merchandise under subheadings 3926.90.99 or 9506.99.60, HTSUS, be sustained; and that the

appropriate Customs official be directed to reliquidate the involved entry accordingly, and to refund the excess duties collected, with lawful interest, and that the Court grant such further relief, including attorney's fees and costs, as it deems proper.

        Respectfully submitted,

        GRUNFELD, DESIDERIO, LEBOWITZ
        SILVERMAN & KLESTADT, LLP
        Attorneys for Plaintiff

By:  s/ Robert F. Seely
      Robert B. Silverman
      Robert F. Seely
      599 Lexington Avenue
      36th Floor
      New York, New York 10022
      Tel. (212) 557-4000
      rsilverman@gdlsk.com
      rseely@gdlsk.com

      Erik D. Smithweiss
      707 Wilshire Boulevard
      Suite 4150
      Los Angeles, CA 90017
      Tel. 213-624-1970
      esmithweiss@gdlsk.com

Dated:  New York, New York
        October 28, 2021